METROPOLITAN EXHIBITION Co. *v.* NEWTON, Commissioner of Public Works, *et al.*

(*Supreme Court, General Term, First Department.*   January 28, 1889.)

1. MUNICIPAL CORPORATIONS—CONTROL OF STREETS—WHEN STREETS ARE OPENED.
    Where land has been taken for a public street in New York city by process recognized as legal, the street is said to be opened whether it is regulated and graded or not; and the powers conferred on the department of public parks and the commissioner of public works in reference to obstructions in streets may be exercised over such street.   They have the right to control its possession, and to prevent its being interfered with by private individuals.

2. SAME—OBSTRUCTION OF STREET—LICENSE FROM CITY COUNCIL.
    The common council has no power to appropriate any portion of any street to private use to the exclusion of the public; and a license from the council to use and occupy a street is void.

3. SAME—DEPARTMENT OF PUBLIC PARKS—DELEGATION OF AUTHORITY.

   The department of public parks having jurisdiction to remove obstructions from the streets may delegate such power to the commissioner of public works.

Appeal from special term, New York county.

Action by the Metropolitan Exhibition Company against John Newton, commissioner of public works, and John Richardson, superintendent of the bureau of incumbrances, of New York city, to restrain defendants from removing or interfering with certain fences alleged to belong to plaintiff at One Hundred and Eleventh street, and Fifth and Sixth avenues. The following is the opinion of Mr. Justice INGRAHAM, denying the motion for injunction:

"One Hundred and Eleventh street, between Fifth and Sixth avenues, was duly laid out upon a map of the city of New York filed on the 22d day of March, 1811, and prior to the year 1869 proceedings were duly taken under the act of 1813 to acquire the fee of the street by the mayor, aldermen, and commonalty of the city of New York, and on the 1st day of November, 1869, the report of the commissioners of estimate and assessment appointed in that proceeding was duly confirmed by an order of the supreme court. By section 178 of the act of 1813, in force at the time of such proceedings, it was provided that, upon the confirmation of the report of the commissioners of estimate and assessment, the mayor, aldermen, and commonalty of the city of New York shall become and be vested in fee of all the said lands, tenements, hereditaments, and premises in said report mentioned that shall or may be so required for the purpose of opening the said public streets so to be opened, the same to be appropriated and used to and for said purposes accordingly; and thereupon the said mayor, aldermen and commonalty, or any person or persons acting under their authority, may immediately, or at any time or times thereafter, take possession of the same, or any part or parts thereof, without any suit or proceeding at law for that purpose; in trust, nevertheless, that the same be appropriated and kept open for or as part of a public street, avenue, square, or place, forever, in like manner as the public streets, avenues, squares, and places in the city of New York are, and of right ought to be; and that provision was re-enacted as section 990 of the consolidation act. Upon the confirmation of that report the fee of One Hundred and Eleventh street, between Fifth and Sixth avenues, vested in the mayor, aldermen, and commonalty of the city of New York, and the said strip became part of the public street, to be kept open for a public street forever. By subdivision 4, § 86, of the consolidation act it is provided: 'The common council shall have no power to authorize the placing or continuing of any encroachment or obstruction upon any street or sidewalk, except the temporary occupation thereof during the erection or repairing of a building upon a lot opposite the same.' No power existed in the common council or any municipal officer to authorize a street, the fee of which became vested in the corporation, to be closed, and the resolution of the common council passed May 25, 1880, that authorized the Manhattan Polo Club to use and occupy the land belonging to the city, including One Hundred and Eleventh street, between Fifth and Sixth avenues, was in violation of the express provisions of the statute, and was void. By subdivision 9, § 316, of the consolidation act it is provided that the department of public works shall have cognizance and control of paving and repaving streets, and keeping them clear of obstructions. By subdivision 8, § 317, it is provided that there shall be a bureau for the removal of incumbrances upon the streets or sidewalks, the chief officer of which shall be called the 'Superintendent of Incumbrances,' and by whom such incumbrances shall be removed; and by section 324 of the same act it is provided that it shall be the duty of the commissioner of public works to remove all obstructions now existing or which may hereafter be placed upon any street or sidewalk.

"Upon the confirmation of the report of the commissioners of estimate and assessment November 1, 1869, 111th street became one of the streets of the

city of New York. No resolution of the common council was necessary to give the people the right to the use of the land for a public street; and the fact that, before it could be used for all the purposes of a street, regulating and grading would be necessary, and that such regulating and grading was under the control of the common council, gave no authority to the common council or the municipal corporation to authorize a private individual to inclose the street so that it could not be used by the public for any purpose, and, when any private individual appropriated the street to his own use by inclosing it with a substantial inclosure, it became the duty of the commissioner of public works to see to it that such inclosure was removed, and the street restored to the purposes for which the fee had been acquired.

"It now appears that the plaintiffs or their predecessors in interest have for years past appropriated and used this street in direct violation of law, and now that the commissioner of public works is about to perform his duty it would be a plain disregard of the law for a court to restrain him from removing the obstruction. The decision of the court of appeals in the *Elevated Railroad Cases*, 70 N. Y. 327–361, does not tend in any way to support plaintiff's claim. The court there held that the legislature had no power to appropriate the streets in the city of New York for private purposes against the consent of the abutting owner. Nothing said in any of those cases could be construed as holding that either the abutting owner or the municipal authorities had power to close the streets and appropriate them to private use. It is not necessary for the purposes of this motion to determine whether the street in question is under the control of the department of parks or the department of public works. The motion for injunction must be denied, with ten dollars costs."

Plaintiff appeals.

Argued before VAN BRUNT, P. J., and BARTLETT and DANIELS, JJ.

*J. B. Drew,* for appellant.    *D. J. Dean,* for respondent.

VAN BRUNT, P. J. It may not be at all necessary to add anything to the opinion of Mr. Justice INGRAHAM, who decided this motion below, as he has stated with great distinctness the grounds upon which his decision was founded. But as some points seem to have been made upon the part of the appellant as to the power conferred upon the department of public parks, and also upon the commissioner of public works, in reference to street obstructions, it may be necessary to add a word or two to that which has been said in his opinion by the learned justice below.

The grounds upon which the appellant proceeds are, first, that the land designated on the map as One Hundred and Eleventh street is in no sense of the word a street; and that because neither the department of public parks nor the department of public works has any authority to grade One Hundred and Eleventh street, they have no jurisdiction over the same; that as the department of public parks has jurisdiction of this street only after the same is opened, because the street has not been regulated and graded and opened to public traffic, therefore it has no authority over the same.

We think that the error into which the appellants have fallen arises largely from a misconstruction of the words "after the same are opened," relating to the public streets. In all legislation affecting the public streets the opening of a street has nothing to do with regulating and grading or opening the same to public traffic, but such term is used to apply to the taking of the land by the corporation for a public street, and when such land is taken by the process recognized by the law the street is said to be opened, whether it is regulated and graded or not. There is no dispute but that the street, as far as the premises in question are concerned, has been taken and paid for by the city, and therefore opened in the sense in which this word "opened" has been used in all the statutes relating to the public streets; and when jurisdiction was conferred upon the department of public parks as to all the streets and

avenues adjacent to the parks after the same had been opened, such jurisdiction accrued the moment these proceedings were complete, and the right to the use of the street for public purposes became vested in the city.

The argument that the city holds the title of this street in trust that the same be appropriated and kept open as a public street, avenue, square, or place, forever, in like manner as the other public streets, etc., in said city are, and of right ought to be, and that therefore the appellant has a right to keep possession of the same, does not seem to have any foundation in any legal principle. The corporation has the right at any time or times thereafter—*i. e.,* after it has acquired title to the same—to take possession thereof, and, as the custody and control of this street was vested in the department of public parks after the same was opened, it seems clear that the officers of the city have a right to control its possession, and to prevent its being interfered with by private individuals.

As has been said by the learned justice below, nothing can be claimed because of the resolution of the common council, because the common council have no power to appropriate any portion of any street to private use to the exclusion of the public therefrom. The only power that the common council have is to regulate public traffic and sales in the streets, highways, roads, and public places; to regulate the use of the streets, etc., by passengers, animals, vehicles, cars, and locomotives; to regulate and prevent the building of building fronts and house fronts within the stoop lines; to prevent encroachments on and obstructions to the streets, etc., not including public parks, and to authorize and require the commissioner of public works to remove the same. It seems to be plain, therefore, that the resolution upon which the appellant relies in establishing his right to use One Hundred and Eleventh street in the manner set forth in his papers is entirely without jurisdiction, and therefore void.

The objection urged that, even if the department of public parks has jurisdiction over this portion of One Hundred and Eleventh street, it cannot delegate it to the commissioner of public works, as they have attempted to do in this case, is certainly not well taken. If the department of public parks have a right to remove these obstructions, it has a right to choose any agent it may see fit; and if it employed the commissioner of public works to perform the duty thus devolving upon it, and for the execution of which it has to employ some other persons, the person proceeded against cannot say that the commissioners of public parks must with their own hands go upon the ground and execute its own orders. The mere fact that the commissioner is an officer of the city, having the facilities for carrying out this direction of the department of parks, in no way detracts from the efficiency of the agency which it has employed for the purpose of carrying out its resolutions, and the party proceeded against, as has already been said, cannot complain because the department of public parks has selected efficient agents for the purpose of executing its orders. It is therefore entirely immaterial, as far as this motion is concerned, whether the street in question is under the control of the department of public parks or of the commissioner of public works, because the latter has the duty imposed upon him of removing obstructions, and if under his jurisdiction he has a right to go on and remove the same; and the department of public parks has the right to regulate the obstructions in streets under its jurisdiction, and where unauthorized obstructions are found upon those streets it has a right to cause them to be removed by any agent it may select. The order, therefore, seems to have been properly made, and it should be affirmed, with $10 costs and disbursements. All concur.